**IN THE SUPERIOR COURT OF GUAM** BY: _____ 〰️

| ASSOCIATION OF THE APARTMENT OWNERS OF THE CLIFF, | Civil Case No. CV0287-19 |
|---|---|
| Plaintiff, | **DECISION AND ORDER** |
| vs. | (Plaintiff's Motion for Summary Judgment; Defendant's Request to Enlarge Time) |
| MANUEL I. CONCEPCION, and ANNA MARIE CRUZ, | |
| Defendants. | |

This matter came before the Honorable Alberto E. Tolentino on October 19, 2023, upon Plaintiff Association of the Apartment Owners of the Cliff's ("Association") Motion for Summary Judgment (Dec. 14, 2020), and Defendant Manuel I. Concepcion's Request to Enlarge Time, which is a component of his Opposition to Motion for Summary Judgment (May 26, 2021). At the hearing, Concepcion was represented by Attorney Curtis C. Van develd, and the Association was represented by Attorney Jacques G. Bronze. At the conclusion of the hearing, the Court took the matter under advisement and now issues the following Decision and Order **DENYING** Defendant's Request to Enlarge Time and also **GRANTING** Plaintiff's Motion for Summary Judgment.

## BACKGROUND

The property known as The Cliff is a "leasehold mixed use condominium" developed by Cliff Properties Development, Inc. Compl., Ex. A at 1 (Decl. of Horizontal Property Regime of the Cliff). The Association is "all of the apartment Owners acting as a group in accordance with the By-Laws

and Declaration." *Id.* at 5. In July 2017, Concepcion and former co-defendant Anna Marie Cruz became the owners of Unit 303 of the Cliff. *See* Decl. Wang Chieh Su, Ex. B (Dec. 14, 2020).

On March 21, 2019, the Association filed a Complaint against Concepcion and Cruz, alleging Breach of Obligation to Pay Assessments.[1] The Complaint claims that under the Cliff's Declaration of Horizontal Property Regime ("HPR"), all unit owners must pay certain fees and assessments to the Association, that Concepcion and Cruz had failed to do so, and that this caused damages to the Association in the amount of $9,208.80. *See generally* Compl. (Mar. 21, 2019). On April 19, 2019, Concepcion and Cruz filed a *pro se* Answer. The Answer admits some of the Association's allegations, denies knowledge of some allegations, and raises certain affirmative defenses. *See generally* Answer (Apr. 19, 2019). It does not explicitly deny any of the allegations. *See id.*

After Concepcion and Cruz filed their Answer, several hearings were set, but little progress was made:

| HR'G DATE | RESULT |
|---|---|
| May 9, 2019 | Defendants appeared *pro se*; a continuance was ordered to allow Defendants to find counsel. |
| June 27, 2019 | Defendants did not appear; a continuance was ordered. |
| Sept. 26, 2019 | Defendants appeared with Attorney Terlaje, who had not yet entered an appearance; a continuance was ordered . |
| Nov. 7, 2019 | Defendants appeared *pro se* and stated Attorney Terlaje had withdrawn representation; a continuance was ordered. |
| Dec. 5, 2019 | Defendants appeared *pro se* but stated they had recently engaged discussion with Attorney Van de veld; a continuance was ordered. |
| Jan. 23, 2020 | Defendants appeared with Attorney Van de veld, but counsel requested a continuance to familiarize himself with the case; a continuance was ordered. |
| Feb. 13, 2020 | Defendants' counsel did not appear for the hearing; a continuance was ordered. |
| Mar. 19, 2020 | Hearing postponed due to the COVID-19 pandemic |
| July 30, 2020 | Defendants appeared *pro se*; a pre-trial conference was set for September. |
| Sept. 17, 2020 | Neither party appeared; a continuance was ordered. |
| Sept. 24, 2020 | Defendants did not appear; a continuance was ordered. |

---

[1] Ms. Cruz has since been dismissed as a defendant from this case. *See* Stipulation to Dismiss With Prejudice & Order (Mar. 30, 2021).

| Dec. 3, 2020 | Neither party appeared; a continuance was ordered. |
| Dec. 4, 2020 | Defendants did not appear; a continuance was ordered. |

On December 14, 2020, the Association filed a Motion for Summary Judgment. The Association claims that on October 2, 2020, it delivered to Concepcion and Cruz a First Request for Admissions, with a response date of November 3, 2020. Mot. at 5 (Dec. 14, 2020). The First Request for Admissions sough admissions from Concepcion and Cruz, including:

- "You have a contractual obligation to timely pay all assessments levied by the Association and such other charges authorized by the Declaration, such as late fees, interests and costs of collection incurred by the Association, and Your failure to pay the Assessments described herein constitutes a material breach of such contractual obligation under the Declaration of Horizontal Property Regime.";

- "You were aware and understood your duty to pay common area assessments and lease payments levied by the Association provided for in the Declaration of Horizontal Property Regime for the Project . . . at the time You purchased the Property in 2017."; and

- You have breached the covenant regarding the payment of common area assessments in accordance with the Declaration of Horizontal Property Regime for the Project and as a result of Your breath, Plaintiff has suffered damages in the amount of $48602.89, plus further accruing assessments and lease payments from September 25, 2020.

Decl. Jacques G. Bronze, Ex. D (Dec. 14, 2020). Concepcion and Cruz did not respond to any of these requests. The Association therefore asserts that, under Guam Rule of Civil Procedure ("GRCP") 36(a), the Defendant have admitted all of the contentions. From these admissions, the Association asserts there is thus sufficient evidence of all elements of the Association's cause of action to sustain summary judgment. *See id.* at 6-17.

An Opposition Brief to the Motion for Summary Judgment was due on January 11, 2020, CVR 7.1 Form 1 (Dec. 14, 2020), but Concepcion and Cruz did not file one. A hearing on the Motion for Summary Judgment was then set for January 29, 2021. Concepcion and Cruz appeared for that hearing *pro se*, but indicated they had recently retained a new attorney to represent them. Min. Entry

at 1:28:50 PM (Jan. 29, 2021). Concepcion and Cruz requested more time to prepare to orally oppose summary judgment, and Judge Sukola granted this request, continuing the summary judgment hearing to February 18, 2021. *Id.* at 1:33:18 PM.

On February 18, 2021, Attorney Van de veld entered his appearance on behalf of the Defendants and appeared at the hearing. Attorney Van de veld also filed a Request by Defendant Manuel I. Concepcion to Enlarge Time to Oppose the Motion for Summary Judgment by Plaintiff (Feb. 18, 2021), which sought leave to file a written Opposition. At the hearing, Judge Sukola took this Request under advisement. Min. Entry, 1:22:02 PM (Feb. 18, 2021). The next day, Judge Sukola issued a Decision and Order granting the Request, and allowing an Opposition Brief to be filed by March 19, 2021. The filing date was then pushed back by a stipulation of the parties until May 25, 2021. Stipulation and Order (Mar. 30, 2021). In a separate Stipulation, co-defendant Cruz was dismissed from the case. Stipulation to Dismiss (Mar. 30, 2021).

In March 2021, Judge Sukola retired, and the case was re-assigned to a Judge *pro tempore*. Order Appointing Judge Pro Tempore (Mar. 11, 2021). On May 26, 2021, Concepcion filed his Opposition to Motion for Summary Judgment, which was largely composed of the Request to Enlarge Time at issue in this Decision and Order. The Opposition seeks an opportunity to late-file responses to the Association's First Request for Admission, provides the new responses, and then asserts that summary judgment should be denied because these new responses have created a genuine dispute of material fact. *See generally* Opposition (May 26, 2021). On June 1, 2021, the Association filed its Reply, arguing that Concepcion should not be allowed to withdraw his admissions.

The case was then dormant until January 19, 2022, at which time the case was reassigned to this Court. On March 24, 2022, the Court called a status hearing, and the parties informed the Court of the recent developments in this case, including the stipulated dismissal of co-defendant Cruz and Concepcion's Request to Enlarge Time. Min. Entry (Mar. 24, 2022). The Court set another status

hearing for June 23, 2022, at which time the Court scheduled the continued summary judgment hearing for July 14, 2022. Min. Entry (June 23, 2022). Neither Concepcion nor Attorney Van de veld appeared for this hearing, Min. Entry (July 14, 2022), so it was rescheduled to October 27, 2022. However, the parties stipulated to continue that hearing to a date to be decided by the Court. Stipulation and Order (Oct. 11, 2022).

The summary judgment hearing eventually resumed on October 19, 2023. There, Attorney Van de veld argued that his Request to Enlarge Time should be granted in light of the COVID-19 pandemic, and to prevent injustice to Concepcion. *See* Min. Entry (Oct. 19, 2023). The Association argued that the Request should be denied as procedurally improper, especially in light of the innumerable continuances that had significantly delayed the pace of this case. *Id.* At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

### 1. Defendant Has Admitted the Facts Sought by the First Request for Admissions

Requests for admission are governed by GRCP 36. Under that rule, a party's request is admitted "unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Guam R. Civ. P. 36(a). Here, it is undisputed that the Association served its First Request for Admissions to Concepcion by mailing on October 2, 2000. *See* Opp. Mot. Summ. J. at 2 ("Plaintiff[] served his requests for admission to [Concepcion] as indicated in Counsel Bronze's Declaration . . . [t]he response would have been due on November 1, 2020[.]"). It is also undisputed that Concepcion did not respond or object within 30 days after service of the First Request for Admissions. *Id.* Therefore, under GRCP 36(a), Concepcion has admitted to the First Request for Admissions. However,

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the

provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Guam R. Civ. P. 36(b). Thus, GRCP 36(b) allow a party's admissions to be withdrawn upon an appropriate showing. Here, Concepcion makes two arguments for grant him leave to withdraw his admissions: first, that doing so would be equitable since he was *pro se* when he received the First Request for Admissions and "was unable to comprehend his duty and how to respond;" and second, that his new responses introduce a genuine dispute of material fact sufficient to overcome summary judgment, so this would "work a substantial justice and promote fair determination of the facts." Opp. Summ. J. at 2 (May 26, 2021).

GRCP 36 is substantively similar to Federal Rule of Civil Procedure ("FRCP") 36, so case law interpreting FRCP 36 is persuasive authority. *See Gov't of Guam v. O'Keefe*, 2018 Guam 4 ¶ 9 ("federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority."). Federal courts typically interpret Rule 36 strictly. *See, e.g., Adventis, Inc. v. Consolidated Property Holdings*, 124 Fed. Appx. 169, 173 (4th Cir. 2005) ("once a matter that is properly subject of an admission under Rule 36 has been admitted during discovery, the district court is not free to disregard that admission."); *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) ("For Rule 36 to be effective in this regard, litigants must be able to rely on the fact that matters admitted will not later be subject to challenge."); *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985) ("Trial courts are advised to be cautious in exercising their discretion to permit withdrawal or amendment of an admission."). This principle "applies equally to those admissions made affirmatively and those established by default." *American Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

When a party fails to respond to a Rule 36 request, the party's only recourse is to move to withdraw or amend its admissions. *See Carney*, 258 F.3d at 419; *Conlon v. United States*, 474 F.3d 616, 621-22 (9th Cir. 2007). By the plain text of the rule, this requires two showings: the "presentation of the merits of the action will be subserved," and "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Guam R. Civ. P. 36(b); *see Conlon*, 474 F.3d at 621 (applying same test in context of FRCP 36(b) motion).

The first prong of the test is met "when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). This is the circumstance here, as Concepcion has failed to deny—and therefore, under GRCP 36(a), admitted—that he breached his financial obligation to the Association to pay required assessments, causing monetary damages to the Association. *See* Decl. Jacques G. Bronze, Ex. D (Dec. 14, 2020). These admissions match the elements of the Association's cause of action, so the admissions would effectively resolve the case. The first prong is therefore satisfied.

The second prong is met where allowing the moving party to withdraw or amend their admissions would not prejudice the opposing party. *See, e.g., Hadley*, 45 F.3d at 1348-49. When undertaking a prejudice inquiry under Rule 36(b), "district courts should focus on the prejudice that the nonmoving party would suffer *at trial*." *Conlon*, 474 F.3d at 623 (emphasis added). Accordingly, "reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice." *Id.* at 624; *accord Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005); *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994). Nor does prejudice exist simply because "the party who obtained the admission will now have to convince the factfinder of its truth," *Hadley*, 45 F.3d at 1348 (quoting *Brook Village N. Assocs. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). Instead, prejudice "relates to the difficulty a party may face in proving its case," with considerations

such as "the unavailability of key witnesses" or "the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Brook Village*, 686 F.2d at 70. Here, the Association has not shown that it would face any particular difficulty in marshaling the evidence necessary to prove their case at trial. In fact, the Association argues that it has already presented sufficient evidence to sustain summary judgment even without relying on Concepcion's admissions, *see* Reply at 19-20, which is effectively a concession that the Association already has the evidence it needs to prove its case at trial. Under these circumstances, the second prong supporting withdrawal of admissions is also satisfied.

However, even where both prongs of the Rule 36(b) test are met, the Court still has discretion to deny the motion. *See Conlon*, 474 F.3d at 625; *Carney*, 258 F.3d at 419. "In deciding whether to exercise its discretion when the moving party has met the two-pronged test of Rule 36(b), the district court may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Conlon*, 474 F.3d at 625. Both factors weigh against permitting Concepcion to withdraw his admissions.

As to good cause, the fact that Concepcion was apparently unrepresented at the time he received the First Request for Admission would weigh in his favor. The Guam Supreme Court has made clear that *pro se* litigants are entitled to some deference in their litigation efforts. *See, e.g., Ji v. Toves*, 2020 Guam 2 ¶ 13; *Allen v. Richardson*, 2020 Guam 13 ¶ 8. However, the leniency shown to *pro se* litigants "is not without limits." *Ji*, 2020 Guam 2 ¶ 13, and "pro se litigants must follow the same rules of procedure that govern other litigants," *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Here, Concepcion argues for withdrawal because he "was unable to comprehend his duty and how to respond" to the First Request for Admissions. However, his duty to respond was clear not only under GRCP 36, but from the plain text of the document itself. The first paragraph of the document provides a citation to GRCP 36 as the relevant rule and states that Defendant has thirty

days to respond. Decl. Jacques G. Bronze, Ex. D at 1 (Dec. 14, 2020). The document further explains that Defendant "shall specifically or deny" each statement in whole or in part, and provide an explanation for why an answer is denied or otherwise qualified. It did not require legal sophistication to interpret the duty imposed by the First Request for Admissions, and if Concepcion was confused as to his duty, he could have sought clarification or conferred with an attorney. But the record does not reflect that he took any such actions; it appears he simply ignored the First Request for Admissions entirely. This does not constitute good cause.

Furthermore, the Court notes there have been inordinate delays in this case caused by Concepcion's conduct with respect to obtaining counsel and appearing for scheduled hearings. Reply at 9-10. As the Association notes, there have been twelve (12) continuances granted for one of these two reasons. Even after obtaining counsel, Concepcion did not immediately move to withdraw his admissions; he did so more than three months after his current counsel first entered an appearance. While these facts may not prove "prejudice" within the meaning of GRCP 36(b), the Court does find them to be equitable considerations counseling against a finding of "good cause" for delay.

As to the merits of Concepcion's case, even if the previous "admissions" were withdrawn and the new responses accepted, nothing in the record suggests that Concepcion will be able to mount a strong defense at trial. Concepcion's proposed responses would still admit that he had constructive notice of the HPR, Opp. Mot. Summ. J. at 2, that he was "informed that [he] was to pay common area expenses and a proportionate share of the ground lease, *id.* at 3, and that he would "have a duty to pay certain sums imposed and collected by a duly elected and constituted Association," *id.* at 4. Concepcion's trial defense appears to be based on a theory that the Association itself is improperly constituted and therefore lacks the power to impose the fees in question. *See* Opp. Mot. Summ. J. at 3-5. However, the Opposition does not cite to any specific evidence which it believes will bear that theory at trial, and since discovery in this matter has already closed, it is not clear that any supportive

evidence is forthcoming. Therefore, it does not appear that Defendant has a strong defense on the merits.

Based on the above analysis, the Court exercises its discretion to deny Concepcion's Request to Enlarge Time.

## 2. Summary Judgment is Appropriate

"Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)).

Summary judgment in this case is governed by GRCP 56 prior to the 2022 Amendments to that rule.[2] Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. 56(c) (2007). "A movant bears the initial burden to show that undisputed facts in the record support a prima facie entitlement to the relief requested." *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2020 Guam 20 ¶ 35 (quoting *Hawaiian Rock Prods. Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 27). "If the movant satisfies this burden, the burden then shifts to the defendant to show that there exists a material question of fact that would preclude the grant of summary judgment." *Id.*

---

[2] Guam's summary judgment procedure was significantly amended in July 2022; GRCP 56 was amended, and a new Civil Local Rule 56.1 was adopted. Promulgation Order No. PRM 06-006-18-01 (July 18, 2022). Although the instant Motion for Summary Judgment was filed before Promulgation Order No. PM 06-006-18-01, the promulgation order provides that the amended rules presumptively apply "to all actions, cases, and proceedings . . . still pending[.]" *Id.* at 2. However, the amended rules need not apply when application to a pending case "would not be feasible, or would work injustice." *Id.* The Court believes that it would be unjust to apply the new standards to a motion that had already been fully briefed for more than a year before these amendments took effect, and therefore elects to analyze the Motion for Summary Judgment under the old standards. *See* Guam R. Civ. P. 56, "2022 Compiler's Note" (providing the full text of the old rule). Thus, all references in this Decision and Order to GRCP 56 refer to the pre-2022 version of that rule.

Here, the Association has alleged Breach of Obligation to Pay Assessment, which is tantamount to an action for breach of contract. "A breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages resulting from the breach." *Gov't of Guam v. Kim*, 2015 Guam 15 ¶ 60 (quoting *Friedman v. N.Y Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. Dist. Ct. App. 2008)). The Court will therefore consider the evidence supporting each element.

### A. There is Prima Facie Evidence of a Valid Contract

The Association alleges that Concepcion "has a contractual obligation to timely pay all assessments levied by the Association and such other charges authorized by the Declaration, such as late fees, interests and costs of collection incurred by the Association." Compl. at 5. Here, the HPR for The Cliff provides that the Association "shall have the power to fix, determine, make and collect, from time to time, assessments and special assessments, and such other assessments as provided for by the Horizontal Property Act, this Declaration and the Bylaws." *Id.*, Ex. A at 50. The HPR further provides that "Each Owner shall be liable for a proportionate share of the common expenses," such as maintenance expenses, property taxes, and management fees. *Id.* at 50-51. In support of the claim of a valid contract, the Association has provided the Court with a copy of the HPR, along with a copy of Concepcion's Quitclaim Deed to Unit 303. Decl. Wang Chieh Su at Ex. B (Dec. 14, 2020).

By failing to respond to the First Request for Admissions, Concepcion has admitted, *inter alia*, that he "had constructive notice of the [HPR]," Decl. Jacques G. Bronze, Ex. D at 3 (Dec. 14, 2020), that he was "aware and understood [his] duty to pay common area assessments and lease payments levied by the Association provided for in the [HPR]," *id.*, and that he had "a contractual obligation to timely pay all assessments levied by the Association and such other charges authorized by the Declaration, such as late fees, interests, and costs of collection incurred by the Association," *id.* at 4. Concepcion also admitted in his Answer that he had constructive notice of the HPR and his

"duty to pay assessments levied by the Association provided for therein." Answer at 1 (Apr. 17, 2019). From this, the Court finds prima facie evidence of a valid contract between the parties.

### B. There is Prima Facie Evidence of a Material Breach

The Association alleges that Concepcion's "failure to pay the Assessment delinquency described herein constitutes a material breach of such contractual obligation." Compl. at 5-6. In support of the claim of material breach, the Association has provided the Court with the Declaration of Wang Chieh Su, which avers that Concepcion has failed to timely pay assessments since July 2017. Decl. Wang Chieh Su (Dec. 14, 2020). The Association has also provided a Notice of Delinquent Assessment that was filed with the Department of Land Management on January 23, 2019, establishing a lien on the property for non-payment. *Id.* at Ex. C.

By failing to respond to the First Request for Admissions, Concepcion has admitted, *inter alia*, that he has "breached the covenant regarding the payment of common area assessments in accordance with the [HPR]," *id.* at 4, and that his "failure to pay the assessments described herein constitutes a material breach of [the] contractual obligation under the [HPR]," *id.* Even aside from his admissions, Concepcion admitted in his Answer that he "has failed to timely pay assessments levied by the Association[.]. Answer at 1. From this, the Court finds prima facie evidence of a material breach of contract.

### C. There is Prima Facie Evidence of Damages

The Association alleges that as a result of Concepcion's actions, it has suffered damages in the amount of "$9,208.80, plus accruing assessments, interest and late charges from October 30, 2018." Compl. at 6. This amount is reflected in the Notice of Delinquent Assessment (Jan. 23, 2019). However, in the First Request for Admissions, the Association sought an admission that "as a result of Concepcion's breach, [the Association] has suffered damages in the amount of $48,602.89, plus further accruing assessments and lease payments from September 25, 2020." The Association

offers the Declaration of Wang Chieh Su (Dec. 14, 2020), which presents and avers to the truth of an account statement showing that Concepcion owes $47,828.91. *Id.* at Ex. D.

By failing to respond to the First Request for Admissions, Concepcion has admitted to owing $48,602.89. Defendant has also admitted in his Answer that the Association "has engaged in certain collection efforts against [him] and has incurred costs of collection associated therewith. Answer at 1. From this, the Court finds prima facie evidence of damages.

**4. Defendant Has Not Contradicted the Evidence**

Because the Association has established prima facie evidence of its cause of action, the burden then shifts to Defendant "to show that there exists a material question of fact that would preclude the grant of summary judgment." *DFS Guam*, 2020 Guam 20 ¶ 35. "To avoid a grant of summary judgment in favor of the movant, the non-movant may not simply deny the allegations to create a factual dispute, but is obligated to set forth specific facts showing there is a genuine issue for trial." *Id.* (quoting *Hawaiian Rock*, 2016 Guam 4 ¶ 27). "A genuine issue of material fact exists when there is sufficient evidence to establish a factual dispute that must be resolved by a factfinder." *Waathdad v. Cyfred, Inc.*, 2021 Guam 24 ¶ 16 (quoting *Camacho*, 2017 Guam 16 ¶ 12).

Concepcion has provided no evidence to establish a factual dispute as to any of those claims. His Opposition to Motion for Summary Judgment does not appear to contest summary judgment on any basis other than the "genuine dispute of material fact" he believes his proposed responses to the First Request for Admissions would create. However, it is well-established that pleadings alone cannot create a genuine dispute of material fact sufficient to overcome summary judgment. *See Estate of Cruz v. Detry Corp.*, 2023 Guam 14 ¶ 24; Guam R. Civ. P. 56(e) (2007) ("the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). Here, even had the Court granted Concepcion's Request to Enlarge Time and accepted his new responses, these responses were not accompanied by

affidavits or declarations averring the specific facts which might be relevant to his theory that the Association was not duly constituted; the responses therein were not even signed by Concepcion himself. Accordingly, even had the Court granted Concepcion's Request to Enlarge Time and accepted the new responses, this would still not be sufficient to grant summary judgment.

The Association has made a prima facie showing that it is entitled to summary judgment on its cause of action. Concepcion has not met his burden of demonstrating a genuine issue of material fact that would require trial instead. Summary judgment is therefore appropriate.

## CONCLUSION

Based on the above analysis, the Court **DENIES** Concepcion's Request to Enlarge Time and **GRANTS** the Association's Motion for Summary Judgment. The Court will schedule a hearing to determine the final calculation of damages and to dispose of any remaining issues.

**SO ORDERED** this ____MAY 1 7 2024____.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

Page **14** of **14**